a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CANDICE GUILLORY, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05630 |
| VERSUS | JUDGE DONALD E. WALTER |
| AMERICAN MODERN PROPERTY & CASUALTY INSURANCE CO ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Substitute Parties and/or Motion for Leave to Amend (ECF No. 36) filed by Plaintiff Candice Guillory ("Guillory"). The three originally-named Defendants – American Modern Home Insurance Co, American Modern Insurance Group Inc, and American Modern Property and Casualty Insurance Company (collectively, "American Modern") – oppose the Motion (ECF No. 38).

Because the atypical circumstances of the case as well as the relevant factors favor leave to amend in this circumstance, Guillory should be afforded the opportunity to amend, the Motion (ECF No. 36) should be GRANTED.

I. **Background**

Guillory's original Complaint was filed by attorneys associated with McClenny, Moseley & Associates, PLLC ("MMA"). ECF No. 13. After identifying numerous irregularities in hurricane-related lawsuits filed by MMA, the Court stayed this and

1

similar litigation. ECF No. 4. The stay was lifted, and MMA withdrew as counsel. ECF Nos. 16. Guillory was designated pro se. ECF No. 18.

Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Thereafter, new counsel enrolled for Guillory and requested the issuance of summonses. ECF Nos. 30, 31. Guillory then filed the Motion to Substitute and/or Amend. ECF No. 36. No proposed amended complaint was attached to the motion, as it was filed and docketed as a motion to substitute party. Nevertheless, the motion seeks to correct three blatant errors in MMA's original filings: (1) to correct the name of the Plaintiff from "Candice Guillory" to "Clyston Guillory" – meaning that MMA misnamed its own purported client; (2) to correct the insurance policy number at issue; and (3) to correct the named Defendant from the American Modern entities to "American Southern Home Insurance Company."

Guillory asserts that American Modern was "misnamed" by MMA, and that the correct insurance company, American Southern, is an "affiliated entity." ECF No. 36-1 at 1. American Modern counters that the disputed policy was issued by a "separate," "distinct," and "different" insurer. ECF No. 38. Nonetheless, Defendants oppose the Motion to Amend because the previously filed Motion to Dismiss remains pending; because Guillory does not have a viable cause of action (against American Modern); and because Guillory's claims are now time-barred, making any amendment futile. ECF No. 38.

On balance, the Court cannot agree with Defendants' position under these unique circumstances. Defendants' latter two arguments will be addressed in more

2

depth by separate opinion addressing the Motion to Dismiss. But in sum, neither those arguments nor the other controlling circumstances preclude leave to amend.

II.   Law and Analysis

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Rule 15(a) expresses "a strong presumption in favor of liberal pleading." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

Leave to amend is not automatic; the "decision to grant or deny a motion to amend is in the sound discretion of the trial court." *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987)). However, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Lone Star Motor Import v. Citroen Cars*, 228 F.2d 69, 75 (5th Cir. 1961)). Substantial reasons to deny leave may include: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Here, each relevant factor favors leave to amend. Given the exceptional circumstances involved in this case, neither undue delay nor bad faith could possibly

be imputed to Guillory. Several of those circumstances were largely, if not solely, responsible for any delay in this case, including original plaintiffs' counsel's concerning representation and subsequent removal from the case, a court-imposed stay, and additional and unusual proceedings prior to and after enrollment of new plaintiffs' counsel.[1]

Otherwise, there have been no previous amendments. And if American Modern is unaffiliated with American Southern, as has been represented to the Court, then American Modern would be strained to argue that it will be prejudiced by its own dismissal and replacement by the correct insurer. The correct insurance company will have the opportunity to raise any defenses deemed appropriate. There is no apparent and substantial reason why leave to amend should not be "freely given." *See Foman v. Davis*, 83 S.Ct. 227, 230 (1962).

Moreover, American Modern argues that the proposed amendment would be futile because Guillory's claims would be prescribed. This argument would result in a patently inequitable result for Guillory, again given the extraordinary circumstances associated with original plaintiffs' counsel's representation. Added to

---

[1] The Court recognizes that in many circumstances, represented parties may be "bound by their attorney's failings." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 713 (5th Cir. 2011). Of course, the failings referenced by the *Granger* court were neither of the kind or of the magnitude involved in this case. Nevertheless, the *Granger* court explained further:

> The fact that a complainant is represented, though, does not automatically bar the application of equitable tolling. In one precedent, we concluded that the plaintiff "clearly did not sleep on her rights, and her attorneys, skilled or not, made an error. Tolling is the only remedy for the regulatory violation, and it is a remedy that fits."

*Granger*, 636 F.3d at 713 (quoting *Perez v. United States*, 167 F.3d 913, 919 (5th Cir. 1999)). The same rationale applies here, arguably with added force.

4

that inequity, again, the Court was obliged by original plaintiff's counsel's missteps to impose a number of significant delays, including: a formal stay (ECF No. 4); orders requiring atypical disclosures and proceedings to scrutinize original plaintiff's counsels' representation (ECF Nos. 12, 13, 16, 18, 24); and various other delays (ECF Nos. 24, 30-35, 41-42). *See, e.g.*, *Gomez v. Glob. Precision Sys., LLC*, 636 F. Supp. 3d 746, 760 (W.D. Tex. 2022) ("As other courts have found, court-caused delay, although admittedly part of litigation, constitutes an extraordinary circumstance for the purposes of equitable tolling."). Accordingly, equitable tolling is warranted.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Trinity Marine Prod., Inc. v. United States*, 812 F.3d 481, 488–89 (5th Cir. 2016) (internal citation and quotation omitted). The doctrine should be applied "sparingly," and only in "exceptional circumstances." *Gomez v. Glob. Precision Sys., LLC*, 636 F. Supp. 3d 746, 757 (W.D. Tex. 2022) (citing *Granger*, 636 F.3d at 712)).

With due caution, however, the Fifth Circuit has also cautioned against applying a statute of limitations "too harshly." *See United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (internal citation and quotation omitted). And when a plaintiff's failure to timely file resulted from "external factors beyond [the plaintiff's control," equitable tolling is the appropriate remedy. *See In re* Wilson, 442 F.3d 872, 875 (5th Cir. 2006) ("A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify.") (citing *Felder v. Johnson,* 204 F.3d 168, 174 (5th Cir. 2000)

5

("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time."))).

For the reasons articulated above and by the Court in a previous order (ECF No. 13), this case likely epitomizes the kind of "extraordinary circumstances" arising from "external factors beyond [Guillory's] control" in which a harsh application of the statute of limitations would result in the loss of Guillory's right to pursue relief – and inequitably so.

### III. Conclusion

Accordingly; IT IS ORDERED that the Motion to Substitute Party and/or for Leave to Amend (ECF No. 36) is hereby GRANTED.

IT IS FURTHER ORDERED that, within 21 days of this Order, counsel for Plaintiff will file a First Amended Complaint in accordance with this opinion.

SIGNED on Friday, August 30, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE