a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CANDICE GUILLORY, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05630 |
| VERSUS | JUDGE DONALD E. WALTER |
| AMERICAN MODERN PROPERTY & CASUALTY INSURANCE CO ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6)[1] of the Federal Rules of Civil Procedure (ECF No. 19), filed by Defendants, American Modern Property and Casualty Insurance Company, American Modern Home Insurance Company, and American Modern Insurance Group, Inc. (collectively, "Defendants"). Defendants seek dismissal of all claims against them in the original Complaint filed by Plaintiff Candice Guillory ("Guillory"), maintaining that Guillory – by and through her original attorneys – named the incorrect insurer and insurance policy. ECF No. 19 at 1.

Guillory agrees, and has now been granted leave to amend to substitute the correct insurer and policy. Therefore, Defendants' Motion to Dismiss (ECF No. 19)

---

[1] Although Defendants' Motion is entitled as one under Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, Defendants only present argument under Rule 12(b)(6).

1

should be GRANTED, and all claims against Defendants should be DISMISSED WITH PREJUDICE pending submission of an amended complaint by Guillory.

I. Background

Guillory's Complaint was filed by attorneys associated with McClenny, Moseley & Associates, PLLC ("MMA"). ECF No. 13. After identifying numerous irregularities in hurricane-related lawsuits filed by MMA, the Court stayed this and similar litigation. ECF No. 4. The stay was lifted, and MMA withdrew as counsel. ECF Nos. 16. Guillory was designated pro se. ECF No. 18.

Defendants then filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 19. Thereafter, new counsel enrolled for Guillory and requested the issuance of summonses. ECF Nos. 30, 31. New counsel also subsequently moved for leave to substitute and amend to name the correct insurer and to list the correct insurance policy.

The Court has granted leave to amend and substitute by separate order. Specifically, Guillory has now been ordered to file an amended complaint substituting the correct insurer as defendant and listing the correct insurance policy issued to Guillory by that separate insurer, American Southern Home Insurance Company ("American Southern").

II. Law and Analysis

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[2] But a complaint

---

[2] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

2

should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted).

Guillory alleges damages related to Hurricane Delta, and references Policy No. 101-338-781. ECF No. 1 at 1-2. However, Defendants correctly assert that MMA named the wrong insurer, and listed the wrong insurance policy, in the original Complaint. In fact, Guillory was insured by American Southern under Policy No. 0800045119721. ECF No. 19-1 at 2; 19-2 at 1.

In the Motion to Amend/Substitute (ECF No. 36), Guillory acknowledged that the policy Defendants identify in their Motion is the correct policy. ECF No. 36-1 at

3

1. Plainly, then, in the original Complaint, Guillory did not and could not state a viable claim against Defendants. Guillory will file an amended complaint which will "substitute" – not add – American Southern as the defendant-insurer.

## III. Conclusion

Accordingly;

IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 19) be GRANTED, and that Guillory's claims against American Modern Property and Casualty Insurance Company, American Modern Home Insurance Company, and American Modern Insurance Group, Inc., be DENIED and DISMISSED WITH PREJUDICE, pending submission of an amended complaint by Guillory naming the correct insurer and policy.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, August 30, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE